FILED
SUPERIOR COURT

2012 SEP 19 PM 2:19

CLERK OF COURT
BY: _____

## IN THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE )  PROBATE CASE NO. PR0143-09
                      )
                      )
        OF           )  **DECISION AND ORDER**
                      )  (Petition to Determine Entitlement to
                      )  Distribution)
                      )
                      )
**GLORIA S. VILLANUEVA,**   )
                      )
        **Deceased.**     )
                      )
                      )

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on July 11, 2012, relative to Joe S. Besagar's Verified Petition to Determine Entitlement to Distribution of Property of the Estate of Gloria S. Villanueva pursuant to 15 GCA § 3201. Attorney Vanessa Ji appeared on behalf of Joe S. Besagar (Petitioner). Attorney Helkei S. Hemminger appeared on behalf of the Administratrix for the Estate of Gloria S. Villanueva (Administratrix). The Court took the matter under advisement. Upon review of the evidence, written and oral arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order.

///

///

///

## BACKGROUND

The instant case originated on October 12, 2009, after a Petition for Letters of Administration was filed in the probate matter.[1] On October 19, 2009, Administratrix filed an Amended Petition for Letters of Administration. Lea M. Siruelo was appointed Administrator on February 3, 2010. Thereafter, a Notice to Creditors was given by the Administrator on March 19, 2010. An Inventory and Appraisement was filed on April 11, 2011. On May 19, 2011, Administrator filed a First Amended Inventory and Appraisement. On May 31, 2011, the Court executed an Order Authorizing the Sale of a Portion of Estate Property. A Petition for Return of Sale, Confirmation of Sale and Reimbursement of Probate Expenses was subsequently filed on February 6, 2012 by the Administratrix.

Petitioner Joe S. Besagar recently filed a Verified Petition to Determine Entitlement to Distribution of Property of the Estate of Gloria S. Villanueva pursuant to 15 GCA § 3201 on May 24, 2012.[2] On June 15, 2012, Administratrix objected to the Petition contending that Petitioner lacks standing and that the Probate Court lacks jurisdiction. In addition, Adminstratrix argues that the claims in the Petition should have been raised in CV851-11 as a counterclaims and Claimant is estopped from brining it in this action. Administratrix's Objection to Verified Petition for Entitlement to Distribution (Jun. 15, 2012). Petitioner responded arguing that the Adminstratrix lacks standing to oppose or object to the petition and the objections raised by the Administratrix are frivolous because they are clearly not supported by the weight of the law. Petitioner's Response to Objections to Petition to Determine Entitlement to Distribution (Jul. 3, 2012).

---

[1] The Court notes that a Petition to Vacate Appointment of Administratrix was filed on October 18, 2010. On May 31, 2011, the Court executed an Order to Vacate Petition and ordering the parties to continue probating the Estate in accordance with the Last Will and Testament of Gloria Villanueva, filed on October 12, 2009 and admitted to probate.

[2] Petitioner Joe S. Besagar also filed a Motion to Vacate Default Judgment in a companion case, CV851-11.

## DISCUSSION

Petitioner alleges, inter alia, that [t]he Estate of Gloria S. Villanueva interfered with [a] Sale Agreement by interfering with Petitioner's use and enjoyment of Property [described as:]

> 181, Block No. 2, Tract No. 100, Unit 5, Dededo, Guam, estate no. 18832, Urban, containing an area of 5396 square feet, as shown on map filed under Document No. 102201.

by ejecting [him] from the Property after becoming aware of the substantial improvements Petitioner made thereon. Petitioner's Verified Petition [15 GCA § 3201] (May 24, 2012).

Determination of entitlement to distribution is set forth in Guam law as follows:

> **At any time** after the first publication of the notice to creditors required by Section 2503 of this Title **and prior to the time a petition for final distribution has been filed, the personal representative or any person claiming to be an heir of the decedent or entitled to distribution of the estate or any part thereof** may file a petition with the Clerk of the Superior Court, setting forth his claim or reason and praying that the Superior Court determine who are entitled to distribution of the estate. The Clerk of the Superior Court shall set the petition for hearing, and notice thereof shall be given in the manner provided in Section 3401 of this Title. Any person may appear and file a written statement setting forth his interest in the estate. No other pleadings are necessary and the allegations of each claimant shall be deemed to be denied by each of the other claimants to the extent that they conflict with any claim of the latter.

15 GCA § 3201 (2005) (emphasis added).

Petitioner argues that California's Probate Code Section 1080 is identical to the above mentioned Guam statute. Moreover, Petitioner cites to Estate of Lynn, 240 P.2d 1001 (1952), contending that the Administratrix has no duty, power or standing to object to or oppose the Petition. Likewise, Petitioner refers to In re Hemlani, 2008 Guam 25 ¶ 25, for the proposition of "following the 'precedent' of California courts that have liberally interpreted California probate law."

Petitioner also argues that the Administratrix "fail[s] to distinguish the longstanding authority undermining her objections, but she blindly cites to cases that actually support

Petitioner's standing and the Court's jurisdiction." Petitioner's Response to Objections to Petition to Determine Entitlement to Distribution (Jul. 3, 2012). Specifically, Petitioner claims he has standing because he is "entitled to have the court decide the merits of the dispute or of particular issues." Guam Imaging Consultants, Inc. v. Guam Mem'l Hosp. Auth., 2004 Guam 15 ¶ 18. The Court agrees with Petitioner on this contention.

Further Proceedings is scheduled for October 17, 2012 at 9 a.m.

## CONCLUSION

By a preponderance of the evidence and based on the foregoing reasons, the Court GRANTS Petitioner's Request for a Hearing to Determine Entitlement to Distribution.

**SO ORDERED** this _19_ day of ____Sept____, 2012.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

**I acknowledge** that a copy of the **original hereto** was placed in the **court box of:**

_C. Cabot_

Date: _9/19_ Time: _9am_

_GA_

Deputy Clerk, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

SEP 1 9 2012

_Enrique F. Aflague, Jr._
Deputy Clerk, Superior Court of Guam

IN THE MATTER OF THE ESTATE OF GLORIA S. VILLANUEVA (PR0143-09)
PETITION TO DETERMINE ENTITLEMENT TO DISTRIBUTION